Virgil **GRIFFIN** and Clarence Taylor, Plaintiffs,

v.

A. A. **MAUNEY** and Monroe, North Carolina, Defendants.

No. C–C–72–16.

United States District Court, W. D. North Carolina, Charlotte Division.

March 30, 1972.

George S. Daly, Jr., Charlotte, N. C., for plaintiffs.

John R. Milliken, Monroe, N. C., for defendants.

McMILLAN, District Judge.

Plaintiffs are active in the Knights of the Ku Klux Klan of North Carolina. On January 10, 1972, they went to see A. A. Mauney, Chief of Police of the Town of Monroe, North Carolina, and asked for permission to conduct a peace-able parade on the main street or public square of the Town of Monroe. Mauney refused to grant the permit.

The plaintiffs apparently wanted to parade on the sidewalk and pass out Klan literature and display placards. The defendant Mauney seems to have assumed or believed that they wanted to parade in the street. There were apparently some high-spirited words exchanged between plaintiffs and Mauney. Mauney says he tried to persuade them not to stir up any more Klan trouble in Union County; that he did not expressly refuse a permit; and that a parade would create traffic problems. Plaintiffs say that Mr. Mauney shouted at them; ordered them out of town; did not hear them out; and arbitrarily refused the permit.

[The above facts were developed at a hearing on January 28, 1972, during which hearing the parties agreed upon a method of conducting the parade. No formal order was entered and no ruling was made at that time on the constitutionality of the ordinance. The parade or "street walk" was conducted on schedule, although according to reports the participants were a bare handful.]

█ The refusal to grant the permit was based upon Section 20–19 of the Code of the City of Monroe, which reads as follows:

"It shall be unlawful for any person or any group of associated citizens in common enterprise to formulate, lead or engage or participate in any parade, cavalcade or caravan within the city unless a written permit shall have been obtained from the chief of police.

"Each permit for a parade, cavalcade or caravan, as referred to in section 20–19, shall designate the route in or through the city to be followed by the parade, cavalcade or caravan in reference to which the permit is issued.

"It shall be unlawful for any person or group of associated citizens in com-

mon enterprise engaging in or participating in a parade, cavalcade or caravan to fail, neglect or refuse to follow the route set out and designated in the permit issued in relation to the particular parade, cavalcade or caravan."

It is apparent that Section 20–19, a local ordinance, is unconstitutional under Shuttlesworth v. Birmingham, 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969), because it subjects "the exercise of First Amendment freedom to the prior restraint of a license, without narrow, objective, and definite standards to guide the licensing authority." Plaintiffs have standing to raise the issue.

Plaintiffs also seek a declaration of the unconstitutionality of Section 20–23 of the City Code of Monroe, which provides as follows:

"It shall be unlawful for any person or group of persons participating in a parade, cavalcade or caravan held or conducted pursuant to a permit, as referred to in section 20–19, to wear a mask or hood which would prevent recognition by any member of the police department. This section shall not be construed to apply to the wearing of masks or costumes by any person sixteen years of age or younger engaged in the celebration of Halloween upon the streets of the city nor shall it be construed to apply to funeral processions."

Plaintiffs did not ask permission to parade with masks, and were not denied any privilege upon the strength of Section 20–23; thus they do not have standing to raise the constitutionality of Section 20–23.

It is, therefore, ordered, that Section 20–19 of the Code of the City of Monroe, North Carolina be, and it is hereby declared to be unconstitutional, and its further enforcement is permanently enjoined; all other relief is denied.

Each party shall bear his own costs.